NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29758
28-OCT-2011
08:20 AM**

NO. 29758

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF DQ

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0081885)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

DQ, a minor, appeals from the December 5, 2008 Decree
Re: Law Violation Petition(s) ("Decree") of the Family Court of
the First Circuit[1] ("Family Court") adjudging DQ as a law
violator under Hawaii Revised Statutes ("HRS") § 571-11(1)
(2006), on three counts of sexual assault in the first degree
under HRS § 707-730(1)(b) (Supp. 2008) and two counts of sexual
assault in the third degree in violation of HRS § 707-732(1)(b)
(Supp. 2008).

On appeal, DQ contends that: (1) the Family Court erred
in relying on expert testimony concerning Complainant's
credibility; (2) the Family Court erred in allowing Complainant's
grandmother ("Grandmother") to be present in the courtroom during
Complainant's testimony and to, thereafter, testify as a rebuttal
witness; and (3) DQ's counsel was constitutionally ineffective
for calling a witness that strengthened the State's case and
weakened DQ's.

---

[1]    The Honorable Karen Radius presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Decree and resolve DQ's points of error as follows:

(1) DQ contends that the Family Court erroneously relied upon inadmissible expert testimony regarding Complainant's credibility when making its own credibility determination. Specifically, DQ identifies Dr. Salle's testimony that her physical examination of Complainant was consistent with his history and, hence, lent credence to his story, that Complainant did not appear to be "fabricating large stories", and that she found the Complainant's story to be "credible." DQ concludes that the Family Court relied on Dr. Salle's testimony in finding that DQ committed the alleged acts because the Family Court found Complainant and Dr. Salle to be credible witnesses.

The testimony to which DQ objects, in fact, was elicited by DQ's counsel during direct examination of Dr. Salle. Counsel did not object to or move to strike the testimony when it was offered, nor at any discernible time prior to this appeal. On that basis alone, we disregard the point of error. Haw. R. App. P. 28(b)(4).

Even if we were to address the merits of DQ's point, its review is unwarranted as plain error. DQ can not establish that the Family Court relied on any improper testimony.

This was a bench trial. In bench trials, "there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." *State v. Gutierrez*, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980) (inappropriate and prejudicial line of questioning did not influence the court); *State v. Antone*, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980) (court not influenced by inappropriate testimony of prior arrest on a different rape charge). DQ does not overcome the presumption by observing that the Family Court found Dr. Salle's testimony to be credible. Thus, DQ's substantial rights were not affected, and the receipt of the testimony was not plainly erroneous.

2

(2) The Family Court did not abuse its discretion by permitting Grandmother to remain in the courtroom after she testified in the State's case-in-chief, sit nearby while Complainant testified, and thereafter testify as a rebuttal witness.[2/] Appellant must show that the trial court's decision to allow the witness to remain "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Bloudell v. Wailuku Sugar Co.*, 4 Haw. App. 498, 505, 669 P.2d 163, 169 (1983) ("[A]lthough the exclusion is generally a matter of right, the trial judge retains a measure of discretion in the application of the rule's exceptions. . . . An appellate court will not overturn the court's action unless an abuse of that discretion is shown."); *see also* 29 Charles Alan Wright et al., Federal Practice and Procedure § 6244 (1st ed.) ("FPP") ("Most courts hold that an appeal [arguing a violation of Federal Rules of Evidence Rule 615] must be based on a showing of prejudice.").

There is nothing to suggest that Grandmother tailored her rebuttal testimony based on what she heard while present during Complainant's testimony. In fact, Grandmother's rebuttal testimony was consistent with her direct examination testimony where she did not describe any interaction with DQ or any of the neighborhood children on the day in question. In addition, the Complainant did not testify as to whether his Grandmother had called anyone into the yard, and Grandmother was not in the courtroom when DQ testified on the subject.

Grandmother lived with Complainant, had heard Complainant's story, and transcribed Complainant's statement to the police. "[E]vidence that witnesses had significant out-of-court contact permits the inference that a failure to exclude

---

[2/] For the first time in his reply brief, DQ argues that Grandmother should not have been permitted to testify because she had already testified. We will not consider an argument raised for the first time in a reply brief. *See Pleus v. Zoning Bd. of Appeals for the City & Cnty. of Honolulu*, No. 28353, 2010 WL 2181496, at *13 n.9 (Haw. Ct. App. May 28, 2010) ("Appellants . . . are not entitled to raise an argument for the first time in its reply brief, and we decline to address this argument.").

witnesses during trial was unlikely to produce additional collusion and, thus, was not prejudicial." FPP § 6244. Under the circumstances, Grandmother's presence during Complainant's testimony was of no apparent consequence; certainly, none was demonstrated. Therefore, any violation of the witness-exclusion rule was not substantially detrimental to DQ.[3/]

(3) DQ fails to show ineffective assistance of counsel. The decision to call Dr. Salle was tactical and had an obvious beneficial purpose: to establish that there was no medical evidence to support Complainant's version of events. As such, the decision to call Dr. Salle will not serve as a basis for a claim of ineffective assistance of counsel. *See Briones v. State*, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993) ("Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny."); *State v. Onishi*, 64 Haw. 62, 63, 636 P.2d 742, 744 (1981) ("The decision whether to call witnesses in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight.") The decision will only be reviewed if "the action or omission had no obvious basis for benefitting defendant's case *and* it resulted in the withdrawal or substantial impairment of a potentially meritorious defense[.]" *Briones*, 74 Haw. at 463, 848 P.2d at 976 (internal quotation marks omitted).

Similarly, counsel's failure to object to any portion of Dr. Salle's solicited testimony did not result "in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Antone*, 62 Haw. at 348-49, 615 P.2d at 104. Since this was a bench trial and there is nothing that suggests that the Family Court based its decision on improperly received evidence, the presumption that incompetent evidence was discarded

---

[3/]     Although DQ alleges violations of the state and federal constitutions as a consequence of the Family Court permitting Grandmother to remain in the courtroom while Complainant testified and to thereafter testify on rebuttal in his point of error, DQ does not argue the constitutional issues in the argument section of his briefs. Therefore, we deem those arguments to have been waived. Haw. R. App. P. 28(b)(7).

remains unrebutted. *Id.* at 353, 615 P.2d at 107.

Therefore, the Decree entered on December 5, 2008 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 28, 2011.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge